UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 09-cv-482 |
| v. | ) ) ) **COMPLAINT** |
| BIEWER WISCONSIN SAWMILL, INC., | ) (Jury Trial Demand) ) |
| Defendant. | ) ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Verna J. Weber and other similarly-situated female employees of defendant Biewer Wisconsin Sawmill, Inc., who were adversely affected by such practices. As alleged with greater particularity below, Biewer violated, and continues to violate, Title VII by maintaining a policy and practice of sexually harassing Weber and a class of similarly-situated female employees who were adversely affected by such practices when a supervisor at Biewer's facility in Prentice, Wisconsin, subjected them to a sexually hostile working environment based on their gender.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were, and are now being, committed within the jurisdiction of the United States District Court for the Western District of Wisconsin.

## PARTIES

3. The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with administering, interpreting, and enforcing Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, defendant Biewer Wisconsin Sawmill, Inc. ("Biewer") has continuously been a Wisconsin corporation doing business in the State of Wisconsin and the Village of Prentice, and has continuously had at least 15 employees.

5. At all relevant times, Biewer has continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Verna J. Weber filed a charge with the EEOC alleging violations of Title VII by Biewer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2006, Biewer has engaged in unlawful employment practices at its facility at 400 Red Pine Court, Prentice, Wisconsin, in continuing violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), as follows: a Biewer supervisor, Billy John Decker, subjected Verna J. Weber and other similarly-situated female employees of Biewer to sexual harassment (including, but not limited to, public exposure of Decker's genitals), which created a sexually

hostile and offensive work environment. Despite actual or constructive notice of the situation, Biewer failed and refused to take prompt and appropriate action to correct the harassment and the resulting hostile environment. This situation continued until Biewer discharged Decker after the Price County District Attorney began investigating him for lewd and lascivious behavior.

8. The effect of the practices complained of in Paragraph 7 above has been to deprive Verna J. Weber and a class of similarly-situated female employees of equal employment opportunities, and to otherwise adversely affect their status as employees, because of sex.

9. The unlawful employment practices complained of in Paragraph 7 above were intentional.

10. The unlawful employment practices complained of in Paragraph 7 above were, and are, done with malice or with reckless indifference to the federally protected rights of Verna J. Weber and other similarly-situated female employees of Biewer who were adversely affected by such practices based on their sex.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Biewer and its officers, successors, and assigns, and all persons in active concert or participation with them, from limiting, segregating, or classifying any employee in any way which would deprive, or tend to deprive, that employee of employment opportunities or otherwise adversely affect her status as an employee because of her sex, and from engaging in any employment practice which discriminates on the basis of sex.

B. Order Biewer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Biewer to make whole Verna J. Weber and other similarly-situated female employees of Biewer by providing appropriate backpay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.      Order Biewer to make whole Verna J. Weber and other similarly-situated female employees of Biewer by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 7 above, in amounts to be determined at trial.

H.      Order Biewer to make Verna J. Weber and other similarly-situated female employees of Biewer whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 7 above, including (but not limited to) emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

I.      Order Biewer to pay Verna J. Weber and other similarly-situated female employees of Biewer punitive damages for its malicious and reckless conduct described in Paragraphs 7 above, in amounts to be determined at trial.

J.      Grant such further relief as the Court deems necessary and proper in the public interest.

K.      Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams

Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

Dated: July 31, 2009         s/ John C. Hendrickson
                            John C. Hendrickson
                            Regional Attorney

Dated: July 31, 2009         s/ Jean P. Kamp
                            Jean P. Kamp
                            Associate Regional Attorney

                            EQUAL EMPLOYMENT OPPORTUNITY
                             COMMISSION
                            Chicago District Office
                            500 West Madison Street - Suite 2800
                            Chicago, IL 60661
                            *Telephone*: (312) 353-7719
                            *E-mail*: john.hendrickson@eeoc.gov
                            *E-mail*: jean.kamp@eeoc.gov

Dated: July 31, 2009        s/Dennis R. McBride
                            Dennis R. McBride
                            Senior Trial Attorney

                            EQUAL EMPLOYMENT OPPORTUNITY
                             COMMISSION
                            Milwaukee Area Office
                            310 West Wisconsin Avenue - Suite 800
                            Milwaukee, WI 53203-2292
                            *Telephone*: (414) 297-4188   *Fax*: (414) 297-3146
                            *E-mail*: dennis.mcbride@eeoc.gov